IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER BOYD,** | : | **CIVIL ACTION** |
| Petitioner, | : | **NO. 06-0491** |
| | : | |
| vs. | : | |
| | : | |
| **JOSEPH NISH, ET AL.,** | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                           **January 25, 2007**

Christopher Boyd ("Petitioner" or "Boyd"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before this Court is Petitioner's counseled Objections to Report and Recommendation of the Magistrate (Doc. 18), Respondents' Response (Doc. 19), Petitioner's Reply (Doc. 20) and Petitioner's Supplemental Response (Doc. 21). Petitioner seeks to have this Court reject the Report and Recommendation of Magistrate Judge Peter B. Scuderi and restore his plea offer. For the reasons stated below, this Court will conditionally grant Petitioner's habeas corpus petition.

**BACKGROUND**

On the evening of July 21, 2000, Petitioner beat an acquaintance on top of the head with an aluminum baseball bat. The victim was rendered unconscious. Petitioner left the victim unconscious and bleeding and discarded the baseball bat. Initially Petitioner denied involvement with the incident but ultimately gave a statement to police admitting his part in the crime. The victim sustained significant trauma to his brain rendering him confined to a wheelchair.

Petitioner's parents retained counsel to represent their son at trial. The Commonwealth offered trial counsel an opportunity to resolve the charges with guilty plea calling for a sentence of

four (4) to eight (8) years in prison. Trial counsel rejected the plea offer and then informed Petitioner's mother. Later, Petitioner was informed of the plea offer.

On October 29, 2001, Petitioner entered an open guilty plea to aggravated assault and possession of an instrument of crime.[1] Petitioner entered this plea in exchange for the Commonwealth's agreement to *nolle prosequi* charges of attempted murder, simple assault, recklessly endangering another person, and tampering with or fabricating physical evidence. On December 18, 2001, the Honorable Gary S. Glazer, Court of Common Pleas Philadelphia County, sentenced Petitioner to an aggregate term of eight (8) to twenty-two (22) years of imprisonment.

Petitioner filed a counseled direct appeal in the Pennsylvania Superior Court claiming ineffective assistance of counsel due to counsel's failure to discuss with Petitioner the relative merits of accepting the prosecutor's plea offer. On November 18, 2002, the Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied allocatur on February 17, 2004.

On October 19, 2004, Petitioner sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541. Through new counsel, Petitioner argued that trial counsel's ineffective assistance rendered the guilty plea involuntary because counsel rejected the Commonwealth's offer without consulting with Petitioner, and that the prior appellate counsel was ineffective for failing to argue all the underlying facts on direct appeal. On February 7, 2005, Judge Glazer dismissed Petitioner's PCRA petition.

The Superior Court affirmed the denial of the PCRA relief on November 23, 2005, finding that Petitioner's claims were previously litigated and therefore not subject to review.

On February 1, 2005, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. §

---

[1] For a full exposition of the factual and procedural background refer to the state courts' various opinions. See Commonwealth v. Boyd, 816 A.2d 325 (Pa. Super. 2002) (Table); Commonwealth v. Boyd, 843 A.2d 1236 (Pa. 2004) (Table); Commonwealth v. Boyd, 890 A.2d 1093 (Pa. Super 2005) (Table).

2254. The matter was referred to Magistrate Judge Peter B. Scuderi for report and recommendation on March 30, 2006. On October 25, 2006, Magistrate Scuderi held an evidentiary hearing. Petitioner, Petitioner's trial counsel, and Petitioner's direct appeal counsel testified. On December 6, 2006, the Report and Recommendation was entered favoring denial of the petition. The Court will not adopt the Report and Recommendation of the magistrate judge.

## STANDARD OF REVIEW

This petition is governed by the revision to the federal habeas statute enacted in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996) effective April 24, 1996 ("AEDPA"). AEDPA provides that:

> When a federal court reviews a state court's ruling on federal law, or its application of federal law to a particular set of facts, the state court's decision must stand unless it is contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1).

Federal habeas relief is also available if the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000)(quoted in Lam v. Kelchner, 304 F.3d 256, 263 (3d Cir. 2002)). Under the "unreasonable application" clause, habeas relief should be granted "when the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular case." Id. Furthermore, with respect to this clause, habeas relief will only be warranted if the "state court's

application of clearly established federal law was objectively unreasonable," not merely "incorrect." Id.

Section 2254(d)(1) applies to claims that were adjudicated on the merits in state court. If a claim was not adjudicated on the merits in state court proceedings then the restrictive standard of review in section 2254(d) does not apply and the claim should be reviewed de novo. See Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). This Court will review this matter de novo as the state courts failed to accurately construe Petitioner's claim against trial counsel. Moreover, the state courts never cited or described the relevant federal precedent, and thus, never reached the merits of Petitioner's Sixth Amendment claim. See Appel, 250 F.3d at 211.

## DISCUSSION

A.   **Effect of State Court Findings**

As a threshold matter, federal habeas review is foreclosed when a state court has refused to reach a habeas petitioner's federal claims due to petitioner's failure to satisfy a state procedural rule unless petitioner shows cause for default and prejudice as a result of the alleged federal violation. Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Alternatively, a petitioner must make a sufficient showing of actual innocence. Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Magistrate Scuderi provided an astute analysis on the determination of procedural default. This Court agrees with the magistrate's analysis in this regard. Although, Petitioner failed to submit the instant claim to the Pennsylvania Supreme Court in his PCRA appeal, his failure to do so has not rendered his claim unexhausted.[2]

---

[2] See In re: Exhaustion of State Remedies in Criminal Post Conviction Relief Cases, No 218 Judicial Administration Docket No. 1 (per curiam) (Pa. May 9, 2000) (stating effective immediately, following adverse order from Superior Court or Supreme Court of Pennsylvania, petition for rehearing or allowance of appeal no longer

Furthermore, Petitioner's claims are not procedurally defaulted and are thus eligible for review in this Court. This court agrees with the determination of other courts in this district holding that the PCRA's "previously litigated" rule is not a state "procedural requirement within the meaning of Coleman." See Alford v. Johnson, No. 00-683, 2006 U.S. Dist. LEXIS 8073 at *14 (E.D. Pa. 2006)(explaining that the "previously litigated" rule limits the number of times a state court is allowed to considered a specific claim, thus it implies no implication of procedural error on a petitioner's part since unlike an actual procedural rule such as a statute of limitations, the "previously litigated" rule is not a rule the petitioner can somehow "obey"); Williams v. Brooks, 435 F. Supp. 2d 410, 421 (E.D. Pa 2006)(stating "[w]here the 'previously litigated' rule has barred PCRA review, there need not be any concern about intruding upon the state courts, because the state court was given and decided to pass upon its opportunity to hear the claim.")

Petitioner presented both his ineffective assistance of trial counsel and his ineffective assistance of appellate counsel claims for PCRA review and in his appeal PCRA relief to the Superior Court. The PCRA judge determined that Petitioner's claims were previously litigated and therefore not subject to review. The Superior Court affirmed the denial of PCRA finding that Petitioner's claims were indeed, previously litigated. Where the Superior Court found Boyd's claims to be "previously litigated," those claims are not procedurally defaulted for the purpose of federal habeas review.[3]

---

required in post-conviction relief matters to exhaust state court remedies for purposes of federal habeas proceedings).

[3] Respondent asserts that the Third Circuit's opinion in Wright v. Vaughn, No. 04-3457, 2006 U.S. App. LEXIS 31745, issued on December 26, 2006, subsequent to the R&R, would likely affect the magistrate's determination that the instant claims should be reviewed de novo. In Wright, the PCRA judge made a determination of credibility thus reaching the merits of the petitioner's claim. The Superior Court dismissed the claim as previously litigated. 2006 U.S. App. LEXIS 31745 at *12. Stating the claim presented "complicated issues," the Third Circuit elected to "assume without deciding" that there was adjudication on the merits in the state court. Id.

**B.** **Failure of Counsel to Communicate Plea Prior to Rejecting**

A claim for ineffective assistance of counsel must be evaluated under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test is applicable to a petitioner who challenges the effectiveness of counsel after entry of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The two-prong test requires that Petitioner show that: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. Id. at 687. The Supreme Court explained that the first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. The second prong of the Strickland test "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

The right to counsel attaches during "critical stages" of the criminal process. United States ex rel. Dominick Caruso v. Zelinsky, 689 F. 2d 435, 438 (3d Cir. 1982); See United States ex rel. O'Brien v. Maroney, 423 F.2d 865, 868 (3d Cir. 1970). The Third Circuit has held that "the decision to reject a plea offer and plead not guilty is . . . a critical stage at which the right to effective assistance of counsel attaches. Caruso, 689 F.2d at 438. Within the Third Circuit the standard of

---

However, in the instant matter neither the PCRA court nor the Superior Court made a determination on merits but rather dismissed the case as "previously litigated." Although the PCRA court stated in the alternative that Petitioner's claim was without merit, that determination was not based on an evidentiary hearing and did not address the federal constitutional issues presented, thus there is no basis for assuming that there was adjudication on the merits.

    Furthermore, although Petitioner's habeas petition lists ineffective assistance of appellate counsel for failure to investigate, stating that appellate counsel failed to appeal trial counsel's failure to communicate the plea offer, Petitioner seems to have abandoned this part of his claim as he does not offer this Court any factual or legal basis for determining that appellate counsel was indeed ineffective. Moreover, such an argument would not prove meritorious since unlike the ineffective assistance of trial counsel issue where no strategic advantage could have been gained by failing to present the plea offer to Petitioner, sound strategy may have dictated appellate counsels limitation of arguments to be presented on appeal. Thus, contrary to the issue in Williams, the issue before this court is ineffective assistance of trial counsel rather than ineffective assistance of appellate counsel, thus Williams is inapposite.

representation required to satisfy the Sixth and Fourteenth Amendment guarantees of effective assistance of counsel is "the exercise customary skill and knowledge which normally prevails at the time and place." Moore v. U.S., 432 F.2d 730, 736 (3d Cir. 1970). Thus, since the decision of whether to reject a plea offer is a critical stage of the proceeding and triggers the right to effective assistance of counsel, where counsel has failed to exercise customary skill and knowledge, such failure would deny Petitioner's Sixth and Fourteenth Amendment rights. Caruso, 689 F.2d at 438.

The Third Circuit's opinion in Caruso is eminently instructive on the question of counsels role where there is a plea offer. 689 F. 2d 435. In Caruso, petitioner pleaded not guilty to all counts. After being convicted, petitioner unsuccessfully appealed to the state courts culminating in a habeas petition before the United States District Court for the District of New Jersey. Petitioner alleged that he was denied his Sixth Amendment right to effective assistance of counsel in that, *inter alia*, a plea offer was communicated to his lawyers but trial counsel failed to communicate the plea offer to petitioner. The district court conditionally granted petitioner's writ of habeas corpus. On appeal, the Third Circuit held that the appellee's trial counsel's alleged failure to advise appellee of a plea offer presented a substantial federal claim stating, "[t]he decision to reject a plea offer and plead not guilty is a decision for the accused to make. It would seem that, in the ordinary case, a failure of counsel to advise his client of a plea bargain would constitute a gross deviation from accepted professional standards." Id. at 438; See also Sistrunk, 96 F.3d at 670 (noting that in a criminal defense the decision of whether to plead guilty is considered a fundamental decision for solely the client to make).

This Court finds that trial counsel did not communicate the plea offer to Petitioner before rejecting the plea and thus failed to act as "counsel" as guaranteed under the Sixth Amendment.

7

Petitioner avers that the Commonwealth offered trial counsel an opportunity to resolve petitioner's charges with a guilty plea calling for a sentence for four (4) to eight (8) years in prison. Am. Mem. L. Support Writ of Habeas Corpus 3. Trial counsel, petitioner avers, rejected the plea without first communicating the offer to Petitioner. Id. Petitioner's mother was eventually made aware of the plea offer but only after trial counsel had already rejected it. Id. Moreover, after conducting an evidentiary hearing, Magistrate Judge Scuderi explicitly found that trial counsel did in fact reject the Commonwealth's plea offer without prior consent of Petitioner. Report and Recommendation 8.

  Petitioner has also satisfied the Court that trial counsel's deficient performance prejudiced the defense. The Third Circuit has held that the requisite prejudice is sufficiently alleged where a significant additional term of imprisonment resulted from counsel's failure to communicate the plea offer which Petitioner would have accepted. Petitioner testified that if trial counsel had disclosed the plea offer he would have accepted it. Tr. Evidentiary Hr'g 33. Since Petitioner was deprived of the opportunity to present a plea bargain to the trial court, the lesser sentence of four (4) to ten (10) years was not before the trial court for consideration. As a result, Petitioner was sentenced to an aggregate term of eight (8) to twenty-two (22) years of imprisonment a term significantly higher than the plea offer. This Court will grant Petitioner's writ of habeas corpus based on ineffective assistance of counsel.

  Petitioner asserts that the appropriate remedy is restoration of the legal position he would have occupied had defense counsel not been ineffective. Namely, Petitioner requests restoration of the plea offer and imposition a sentence of four (4) to ten (10) years imprisonment. Respondent contest that the only available remedy is a withdrawal of Petitioner's guilty plea and re-submission of the matter to the Court of Common Pleas for re-sentencing. Respondent's position is not

supported by case law.

After careful consideration of the relief granted by other federal courts confronted with this issue, this Court finds that the constitutionally appropriate remedy is restore Boyd to the position in which he would have been had the deprivation of his right to effective assistance of counsel not occurred.  See Caruso, 689 F.2d at 438; Saterlee v. Wolfenbarger, 453 F. 3d 362, 370 n.7 (6th Cir. 2006); Boria v. Keane, 99 F. 3d 492, 499 (2d Cir. 1996), cert denied, 521 U.S. 1118 (1997); Nunes v. Mueller, 350 F.3d 1045, 1057-58 (9th Cir. 1994), cert denied, 543 U.S. 1038 (2004)(stating "[c]onceptually, any habeas remedy 'should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred,' and in some circumstances granting a new trial is not the appropriate remedy to that end" (citing United States v. Blaylock, 20 F.3d 1458, 1468 (9th Cir. 1994))); United States v. Rodriguez, 929 F.2d 747, 753 n.1 (1st Cir. 1991).  That is, the proper remedy is to give Petitioner the opportunity to accept the plea offer and impose sentence accordingly.

## CONCLUSION

For the foregoing reasons, a Writ of Habeas Corpus shall issue unless the Commonwealth of Pennsylvania, within ninety (90) days, takes action to offer Petitioner a plea offer with a sentence agreement of four (4) to ten (10) years.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER BOYD,** | : | CIVIL ACTION |
| Petitioner, | : | NO. 06-0491 |
| | : | |
| vs. | : | |
| | : | |
| **JOSEPH NISH, ET AL.,** | : | |
| Respondents. | : | |

## ORDER

     **AND NOW**, this _____ day of January 2007, upon consideration of Petitioner's Revised Petition for Writ of Habeas Corpus (Doc. 3), Respondents' Answer thereto (Doc. 8), Petitioner's counseled Objections to Report and Recommendation of the Magistrate (Doc. 18), Respondents' Response (Doc. 19), Petitioner's Reply (Doc. 20) and Petitioner Supplemental Response (Doc. 21), **IT IS HEREBY ORDERED AND DECREED** that Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2254 is **CONDITIONALLY GRANTED**. Unless the Commonwealth of Pennsylvania, within ninety (90) days of the date of this Order, takes action to offer Petitioner a plea offer with a sentence agreement of four (4) to ten (10) years, Petitioner may apply for writ ordering respondent to release him from custody forthwith.

                                              **BY THE COURT:**

                                              **/S/ Petrese B. Tucker**
                                              **Hon. Petrese B. Tucker, U.S.D.J.**