**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER BOYD,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | **NO. 06-0491** |
| | : | |
| **vs.** | : | |
| | : | |
| **JOSEPH NISH, ET AL.,** | : | |
| **Respondents.** | : | |

## MEMORANDUM ORDER

        Presently before this Court is Respondents' Motion to Stay Pending Appeal (Doc. 31) and

Petitioner's Response (Doc. 32).  For the reasons set forth below, upon careful consideration of the

Respondents' Motion and Petitioner's Response, this Court will deny the motion.

## DISCUSSION

        The purpose of a habeas remedy is to restore a defendant to the place he would have been if

no Sixth Amendment violation had occurred.  Nunes v. Mueller, 350 F.3d 1045, 1057-58 (9th Cir.

1994).  The Supreme Court of the United States has held that Rule 23(c) creates a presumption of

release from custody, while Rule 23(d) presumes the district court's habeas corpus order was correct.

Hilton v. Braunskill, 481 U.S. 770, 774 (1987).  The state can rebut this presumption by showing

traditional factors favor issuance of a stay, namely that: 1) the stay applicant made a strong showing

that the case will succeed on merits; 2) the applicant will be irreparably injured absent stay; 3)

issuance of the stay will substantially injure other parties involved; and 4) stay is a matter of public

interest.  Id. at 776.  However, in assessing the stay factors, courts should not reduce the formula to

a rigid set of rules.  Id. at 777.  The Court set forth additional matters to be considered in conjunction

with the traditional stay factors; specifically: 1) whether the habeas petitioner poses a flight risk and

2) the state's interest in continuing custody and rehabilitation.  Id.

Respondent has neither posited that the Petitioner poses a flight risk nor that the state has an interest in continuing custody and rehabilitation.  This Court, therefore, must examine Respondent's motion on the traditional stay factors.

> Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release . . . .  Where the State's showing on the merits falls below this level, the preference for release should control.

Id. at 778.

Thus, for stay to issue, Respondent must first make out a strong likelihood of success on appeal.  However, continued custody is also permissible where Respondents establish at least a substantial case on the merits and the second and fourth factors.  Conversely, if Respondents fail to either establish a substantial likelihood of success on the merits or fails to establish the second and fourth factors, the stay may be denied.

In order for Respondents to sustain its burden of establishing the first factor, it must demonstrate either a likelihood of success on the merits or a substantial case on the merits.  Respondents baldly argue that since the Magistrate recommended that habeas relief be denied and since this case presents a debatable issue regarding the previous litigation rule, it has made out a substantial case on the merits.  Respondents also assure the Court that their arguments "will be set out in more detail" in their brief before the Third Circuit.  However, by failing to present more than an assertion that it has a substantial case of the merits, Respondents provide no basis upon which the Court can determine the satisfaction of this factor.  Therefore, the Court, based on this factor alone cannot grant Respondents' motion.

Moreover, assuming *arguendo* that Respondents had made out the first factor, the

presumption of release would remain intact since the second and fourth factors of the traditional stay analysis do not militate against release.  Under the second factor, Respondents must show irreparable injury absent a stay.  Id. at 776.  Respondents are unable to sustain such an argument.  The Petitioner is not retracting his admission of guilt nor is he asking for immediate release as is being argued by the Commonwealth.  This Court's order would entitle Petitioner to the four (4) to eight year (8) sentence originally offered.[1]  Respondents argue that release would pose irreparable injury to the state since it "would in effect nullify a state court conviction on grounds unrelated to the case." (Resp't. Mot. Stay 3 (quoting Simmons v. Reynolds, 898 F.2d 865,869 (2d Cir. 1990)).  While release would indeed nullify a state court conviction, this Court is convinced that the sentence imposed following the state court conviction was constitutionally infirm due to a violation of Petitioner's Sixth Amendment rights and should be modified in accordance with the Commonwealth's plea offer.

The fourth factor requires an analysis of the public's interest.  Hilton, 481 U.S. at 776.  Respondents argue the public will not be best served by releasing a convicted criminal.  However, the issue is not whether Petitioner is a convicted criminal since the very nature of habeas petitions presupposes conviction.  The issue, rather, is whether Petitioner's release poses a danger to the community.  See Dhine v. District Director, 822 F. Supp. 1030, 1032 (S.D.N.Y. 1993).  This factor does not militate against release since a four (4) to eight (8) year sentence was offered to Petitioner's

---

[1] Respondents' Response to Petitioner's Objection to Report and Recommendation avers that although Petitioner has repeatedly stated that the plea offer was four (4) to eight (8) years, the written offer was four (4) to ten (10) years.  In its Memorandum and Order granting a conditional writ the Court adopted Respondents assessment of the offer.  Respondents have appeared to abandon this issue.  From the record of evidence the plea offer appears to have been four (4) to eight (8) years of imprisonment.

trial counsel in 2001.  That offer was presumably based on a determination that a just punishment for Petitioner's crime would have been four (4) to eight (8) years and would serve the public's interest.  There is no indication that the Commonwealth's 2001 determination of the public's interest should be disturbed.  Furthermore, Petitioner would not be entitled to immediate release but would, instead, be subject to appear before the Pennsylvania Board of Parole and Probation.  The Board would select a release date in accordance with this Court's Order.

For the foregoing reasons, the Court will deny Respondents' Motion for Stay.  An appropriate order follows.

**AND NOW**, on this ___ day of June 2007, upon consideration of Respondents' Motion to Stay Pending Appeal (Doc. 31) and Petitioner's Response (Doc. 32), **IT IS HEREBY ORDERED and DECREED** that Respondents' Motion is **DENIED**.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**